IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY HARDIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2601-D-BN |
| | § | |
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for initial

screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District

Court. The undersigned magistrate judge issues the following findings of fact,

conclusions of law, and recommendation.

**Background**

Troy Hardin, proceeding *pro se*, brings this civil rights action pursuant to 42

U.S.C. § 1983, alleging that the State of Texas is responsible for violating his

constitutional rights. On July 8, 2013, Plaintiff tendered a complaint to the district

clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4.

Because the information provided by Plaintiff in his pauper's affidavit indicates that

he lacks the funds necessary to prosecute this case, the Court granted leave to proceed

*in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 8. Because the

complaint did not set forth "a short and plain statement of the claim showing that [he]

is entitled to relief," FED. R. CIV. P. 8(a)(2), the Court sent a notice of deficiency, *see* Dkt. No. 7. Plaintiff then filed an amended complaint. *See* Dkt. No. 10.

In his amended complaint, Plaintiff asserts that the State of Texas is responsible for "violating [his] rights." *See id.* at 3. His entire statement of claim reads: "I was arrested concerning a [warrant]. And then charge[d] 8 months later for drugs. This is out of context." *Id.* at 4. Plaintiff also attaches hand-written motions for discovery, to quash indictment, for change of venue, and for withdrawal of his counsel that were filed in his pending Texas criminal case for possession of a controlled substance. *See id.* at 6-9. It appears that Plaintiff believes that he was unlawfully indicted for a drug offense despite the fact that his arrest occurred pursuant to a warrant after his vehicle was pulled over in a traffic stop. *See id.* at 7. By this lawsuit, Plaintiff seeks as relief "to be aware of the court and my rights not [violated]." *Id.* at 4.

The undersigned now concludes that Plaintiff's civil rights claims should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Plaintiff's claims would interfere with his ongoing criminal trial. Under the *Younger* abstention doctrine, a federal court should abstain from exercising its

jurisdiction when to do so would interfere in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (citing cases); *see also Younger v. Harris,* 401 U.S. 37, 43-45 (1971).

To the extent that Plaintiff claims that his arrest or subsequent indictment violate his constitutional rights, they should not be considered at this time. In *Heck v. Humphrey,* the United States Supreme Court held that a state prisoner cannot bring a 42 U.S.C. § 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. 512 U.S. 477, 486-87 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the claim is barred. *See id.*; *see also Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000) ("*Heck* dictates that when a person such as Hainze brings a section 1983 claim against the arresting officers the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If so, the claim is barred unless the conviction has been reversed or declared invalid." (footnotes and internal quotation marks omitted)). Because Plaintiff's criminal case is ongoing, his claims are not barred by *Heck.* However, the Court may not consider Plaintiff's claims of wrongdoing in connection with his pending criminal case until the criminal case or the likelihood of a criminal case is ended. *See Banks v.*

*Gammon,* No. 3:08-cv-0474-K, 2008 WL 2404967, at \*2 (N.D. Tex. June 9, 2008) (citing *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007)).

Judged against these standards, Plaintiff has neither pleaded nor established sufficient justification for considering the merits of his claims at this time. Instead, he or his attorney must resort to those remedies afforded by the state court in order to challenge the validity of the state criminal proceedings.

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE